CORPORACION VENEZOLANA DE
FOMENTO, Plaintiff-Appellant,

v.

VINTERO SALES CORPORATION,
Vintero Corporation and Vincent A.
DeLyra, Defendants-Appellees.

No. 1224, Docket 83–7082.

United States Court of Appeals,
Second Circuit.

Argued May 25, 1983.

Decided July 8, 1983.

Sirius C. Cook, New York City (Healy &
Baillie, Elisa M. Pugliese, New York City,
of counsel), for plaintiff-appellant.

Joan H. Hillenbrand, New York City
(Thacher, Proffitt & Wood, Edward C. Ka-
laidjian, New York City, of counsel), for
defendants-appellees.

Before FEINBERG, Chief Judge, and
LUMBARD and WINTER, Circuit Judges.

PER CURIAM:

This litigation has been before us on a
prior occasion, 629 F.2d 786 (2d Cir.1980),
where we set out in detail the necessary
background. Familiarity with our prior
opinion is assumed.

On remand, Judge Sweet held a hearing
and once again ruled against the plaintiff
Corporacion Venezolana de Fomento,
("CVF"). On appeal, it attacks his ruling
on several grounds, including his declining
to entertain claims based upon the entire
body of the Venezuelan Law of Obligations
and the Venezuelan penal code, his failure
to adjudicate claims against Vintero be-
cause of parallel bankruptcy proceedings,
his refusal to entertain claims based on
CVF's position as a subrogee of the lending
institutions and his holding that CVF was
not entitled to recovery under the Venezue-
lan law of simulation.

There is little doubt that the transactions
in question appear on their face to be highly
suspicious. Measured against that, how-
ever, is the paucity of evidence offered by
CVF. Notwithstanding its sweeping alle-
gations, it called none of its employees to
testify as to the underlying events with
which they should have been familiar.
Moreover, it offered in evidence a typewrit-
ten "Recapitulation" sustaining Vintero's
claims as to the cost of repairs on the ships
in question. As a consequence, Judge
Sweet found that CVF had failed to identi-
fy who was behind the various supposedly
fraudulent acts, to show that those acts
caused CVF to take steps which led to its
losses upon the loan guarantee, or to prove
an unjustified inflation of the price of the
ships.

**34**

We have reviewed the various claims made on appeal and we conclude that Judge Sweet's findings preclude recovery by CVF against any defendant based on the Venezuelan Law of Obligations, the Venezuelan penal code, the Venezuelan law of vicarious liability, or CVF's position as a subrogee. CVF's claim under the Venezuelan law of simulation fails in light of Judge Sweet's finding that the cost of repairs was greater than the amount drawn down under the letters of credit. Plaintiff attacks that finding as not supported by the record, but it was in fact based on the Vintero "Recapitulation". While that document may have self-evident weaknesses, CVF had ample opportunity in discovery and at trial to undermine its contents. Instead, it offered it as an exhibit. We see no reason to upset a finding of fact based upon it.

CVF has had a full and fair opportunity to litigate this protracted matter and has chosen for reasons known best to it not to present what would seem to be the most cogent evidence available. It is not entitled to a further opportunity to supply that which it has thus far declined to offer.

Affirmed.